**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.F.**

**No. 22-0213** (Kanawha County 21-JA-400)

**MEMORANDUM DECISION**

Petitioner Father S.F., by counsel Carl J. Dascoli Jr., appeals the Circuit Court of Kanawha County's February 25, 2022, order terminating his parental rights to M.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem, Sharon K. Childers ("guardian"), filed a response on the child's behalf in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2021, the DHHR filed a child abuse and neglect petition alleging that petitioner perpetrated domestic violence upon the mother and that the parents' substance abuse negatively impacted their ability to parent. At the preliminary hearing, the DHHR provided evidence that the parents actively evaded Child Protective Services ("CPS") workers for approximately eight months. The guardian requested that the court take judicial notice of petitioner's criminal history and thirteen prior domestic violence actions against him. The guardian further proffered that petitioner harassed the child's placement and demonstrated a violent disposition. The court took judicial notice as requested by the guardian and ratified the child's removal.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The circuit court held an adjudicatory hearing in October of 2021. The mother stipulated to substance abuse and engaging in domestic violence with petitioner. Petitioner continued to deny all allegations. The CPS worker testified consistently with the allegations in the petition, including that she witnessed petitioner under the influence of drugs and that he admitted to taking a nonprescribed substance. The court took judicial notice of the allegations in the various domestic violence actions brought against petitioner by three different women, including one filed in July of 2021 by the mother, in which she alleged that petitioner kicked and stomped her, took her purse and cellphone, dragged her by her hair, and forcefully grabbed the child from her arms. Based on the evidence, the court found that petitioner perpetrated domestic violence in the presence of M.F. and adjudicated him as an abusing and neglecting parent.

The circuit court held a dispositional hearing in January of 2022. Ultimately, the circuit court found that petitioner's "decades long history of violence presents a substantial risk of injury to the child [M.F.] especially since [petitioner] has been violent in her presence." The court found that termination of petitioner's parental rights was in the child's best interest. As such, it terminated petitioner's parental rights by order entered on February 25, 2022. It is from this dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that his adjudication was erroneous because the DHHR failed to meet the applicable burden of proof and provided no factual basis for the circuit court's ruling. Regarding adjudication, we have explained that

---

[2]The mother's parental rights were also terminated below. According to the respondents, the permanency plan for the child is adoption with her current foster placement.

> [a]t the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected . . . . The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence.

*In re F.S.*, 233 W. Va. 538, 544, 759 S.E.2d 769, 775 (2014). Further, "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Id*. at 546, 759 S.E.2d at 777 (citation omitted). However, "the clear and convincing standard is 'intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" *Id.* (citation omitted).

West Virginia Code § 49-1-201 defines an "abused child," in part, as a child whose health or welfare is being harmed or threatened by domestic violence. Here, the overwhelming evidence supports the circuit court's adjudication of petitioner as an abusing parent. Petitioner ignores the fact that the court relied on the mother's stipulations and admissions that the couple engaged in domestic violence. The circuit court heard petitioner's testimony, heard the mother's stipulations, considered the CPS worker's testimony at both the preliminary hearing and the adjudicatory hearing, and assessed their weight accordingly. On appeal, we decline to disturb the court's credibility determinations concerning these testimonies. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). As such, we find that there was a substantial factual basis that M.F. was an abused child and find no error in petitioner's adjudication.[3]

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 25, 2022, order is hereby affirmed.

---

[3]Petitioner states that the circuit court erred in terminating his parental rights but completely fails to develop this assignment of error and falls woefully short of complying with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, as he has failed to provide a single citation to the appendix record. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires, in relevant part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Critically, this Rule also provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *Id*. As we have previously stated, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). In that this assignment of error presents a skeletal argument that is nothing more than a mere assertion, petitioner has not preserved the claim on appeal, and we will not address it further.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn